EMPIRE STATE CATTLE CO. et al. v. ATCHISON, T. & S. F. RY. CO.
MINNESOTA & D. CATTLE CO. v. SAME.

(Circuit Court, D. Kansas, First Division. April 2, 1904.)

Nos. 8,155, 8,157.

1. CARRIERS—ACTION FOR INJURY TO PROPERTY IN SHIPMENT—PLEADING.
In an action against a railroad company to recover damages for an alleged violation of duty as a common carrier, plaintiff is not required to plead or prove the written contract under which his shipment was made, which, if relied on by defendant, is a matter of defense.

On Motions by Defendant to Require Plaintiffs to Amend Their Petitions.

Botsford, Deatherage & Young and R. E. Ball, for plaintiffs.
A. A. Hurd, for defendant.

POLLOCK, District Judge. The above actions are brought by plaintiffs to recover damages from defendant railway company, alleged to have been sustained by plaintiffs in the shipment of cattle over the defendant's line of railway during the flood of last year in the Kaw river. The petitions filed by plaintiffs declare upon a violation of defendant's duty as a common carrier for hire. A motion by defendant company has been interposed in each case, requiring plaintiffs to amend their petition by stating whether the contracts of shipment of the cattle mentioned in said petition were in writing or oral, and, if said contracts were in writing, that plaintiffs be required to attach a copy or copies thereof to said petitions, in order that the defendant may be fully advised as to the terms and conditions upon which said shipments of cattle were made, the destination of same, and the route, if any, agreed upon by the terms of such contracts. That contracts for shipment of the cattle were entered into between the parties, and that such contracts are in writing and in the possession of plaintiffs, was admitted by counsel for plaintiffs in the oral argument of this motion. The question is, should the court, by its order,

require the plaintiffs to set forth and declare upon such written contracts?

Counsel for plaintiffs contend their actions are in form ex delicto, and· that they are not required by the rules of pleading to rely upon or set forth the contracts, if any exist, between the parties to the action. Counsel for defendant contends, in the absence of a direction from Congress, the practice adopted and followed by the state courts of this state under the Code must control. This latter contention I think correct. The common-law forms of action are, by provision of the Code, expressly abolished. All a plaintiff is required to do in pleading under the Code is to state the facts constituting his cause of action in plain and concise language, without repetition. It is no concern of the pleader, under the Code of this state, whether the facts constituting his cause of action form a cause of action which at the common law would be denominated ex delicto or ex contractu, or both in one; but the settlement of this contention does not, in my judgment, settle the question under consideration. I do not find the Supreme Court of this state to have ruled upon the precise question under consideration here, and no authoritative decision of that court is cited by counsel. The exact question, in my judgment, is, admitting a contract of shipment between the parties, in writing, to exist, and in the possession of plaintiffs, as was admitted at the oral argument, must the plaintiffs plead and prove such contracts, as a part of their case, or is such contract a matter of defense to the carrier? Upon investigation of this subject, I find the precise question to have been passed upon by the Court of Appeals for this circuit in Southern Pacific Company v. Arnett, 111 Fed. 849, 50 C. C. A. 17. In that case, Judge Thayer, in delivering the opinion of the court, says:

"A special contract, when exacted by a carrier, is a defensive weapon to be made use of by the carrier when sued by the shipper for any alleged dereliction of duty against which it was designed to afford protection."

Upon authority of that case, controlling here, the motion will be overruled.